Dear Mr. Brantley:
Our office is in receipt of your September 10, 1993 request for an Attorney General's opinion in regard to deputy parish custodians serving at polling places in Union Parish. Specifically, you have asked the following:
 Are persons involved in law enforcement disqualified from serving as deputy parish custodians of voting machines under the provisions of LSA-R.S. 18:428(A), which provide in pertinent part that `[l]aw enforcement officers shall not be eligible to serve as commissioners-in-charge, commissioners, alternate commissioners, or watchers'?
The only official not expressly included in the above listing is a deputy parish custodian. LSA-R.S. 18:1354(C) provides:
 C. The parish custodian of voting machines may employ persons on a temporary basis, as needed, to assist him in the performance of his duties. He may appoint a deputy parish custodian of voting machines for any polling place he deems necessary. The compensation of a deputy parish custodian shall be fifty dollars for each election at which he serves. The deputy parish custodian shall deliver the keys and the supplemental list to the commissioner-in-charge at least one-half hour before the fixed time for the opening of the polls.
LSA-R.S. 18:424-427 sets forth the powers and duties of the commissioners-in-charge, commissioners, alternate commissioners, and watchers. Unlike these officials, deputy parish custodians are not statutorily mandated to perform duties which require their presence at a polling place during the hours of voting. As the list of duties you provided demonstrates, deputy parish custodians typically are responsible for making sure that voting machines are delivered to the polling place and that the polling place is secure both prior to and after the election. Their duties do not, however, include a presence at the polling place during the hours of the election.
It is the opinion of this office that, given the exclusion of deputy parish custodians from the list of officials found in LSA-R.S. 18:428(A), and that section's clear intent to exclude law enforcement officers from only those positions which would necessarily place them at a polling place at the time of voting, the statute in question does not prohibit persons involved in law enforcement from serving as deputy parish custodians of voting machines.
I hope that this opinion has sufficiently answered your questions. If you require any further information, please do not hesitate to call on this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ANGIE ROGERS LaPLACE Assistant Attorney General
RPI/ARL/pb/0018s